IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ISIAH PAYNE,** *individually and on behalf of all others similarly situated* | * | |
| | * | |
| **Plaintiffs,** | * | |
| **v.** | * | **Civil Action No. RDB-20-1314** |
| **HOWARD UNIVERSITY,** | * | |
| **Defendant.** | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Isiah Payne ("Payne" or "Plaintiff") has brought this action on behalf of himself and all others similarly situated against Defendant Howard University ("Howard" or "Defendant") alleging breach of contract, unjust enrichment, and conversion. (ECF No. 19.) Specifically, the Plaintiff claims Howard is liable for retaining the full amount of tuition and fees it collected for the spring semester of 2020 despite ceasing in-person instruction in response to the spread of the COVID-19 virus. (*Id.*) Presently pending are Defendant's Motion to Dismiss, or in the Alternative, to Transfer Venue (ECF No. 9) and Defendant's Motion to Dismiss Plaintiff's First Amended Class Action Complaint, or in the Alternative, to Transfer Venue (ECF No. 20). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, the Defendant's Motion (ECF No. 20) is GRANTED IN PART and DENIED IN PART. Specifically, it is

DENIED in part with respect to seeking dismissal of this action, but it is GRANTED in part with respect to Transfer of Venue. Accordingly, this case will be transferred to the United States District Court for the District of Columbia. All pending arguments for dismissal of this action will remain pending for disposition in that Court. The Defendant's first Motion to Dismiss, or in the Alternative, to Transfer Venue (ECF No. 9) is DENIED AS MOOT.

## BACKGROUND

When reviewing a motion to dismiss, this Court accepts as true the facts alleged in the plaintiff's complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). The Plaintiff Isaiah Payne is a citizen of Maryland, who graduated from Defendant Howard University this spring as a member of the Class of 2020. (ECF No. 19 ¶ 13.) Howard is a private, federally-chartered, historically Black university with its main, historic campus and primary place of business in Washington, D.C. (*Id.* ¶ 2.) Washington, D.C. is also the university's place of incorporation. (Wutoh Decl., Ex. 1 ¶ 3, ECF No. 20-2.) Howard has in total four campuses: three in Washington, D.C. and one in Beltsville, Maryland. (ECF No. 19 ¶ 2.)

On March 16, 2020 Howard's President Wayne A.I. Frederick, M.D., MBA, announced that the school was suspending "face-to-face instruction of courses at Howard University for the remainder of the Spring 2020 Semester" and that courses would "transition to remote and online instruction following the scheduled Spring Break." (*Id.* ¶ 7.) Howard has not held any in-person classes since March 13, 2020. (*Id.* ¶ 8.) Therefore, Payne claims, the university has not "delivered the educational services, facilities, access and/or opportunities" that he and the putative class contracted and paid for. (*Id.* ¶ 9.) The Plaintiff alleges that he paid approximately $12,483 in tuition and fees for the Spring 2020 Semester. (*Id.* ¶ 13.) He seeks for himself and

others similarly situated Howard's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained of the Spring 2020 Semester when classes moved online and campus services ceased being provided.  (*Id.* ¶ 12.)  Payne alleges that the remote learning options "are in no way the equivalent" of the school's typical in-person education, and that the online education encompasses an entirely different experience than the one described on Howard's website and in its course catalog.  (*Id.* ¶¶ 25, 48.)

Payne filed suit in this Court on May 27, 2020.  (ECF No. 1.)  On August 31, 2020, the Defendant Howard filed a Motion to Dismiss claiming that this Court lacks jurisdiction and that the Plaintiff failed to state a claim for relief, or in the alternative, that the case should be transferred to the U.S. District Court for the District of Columbia.  (ECF No. 9.)  Without filing a response to that initial motion, Payne filed an Amended Complaint on September 21, 2020.  (ECF No. 19.)  On October 5, 2020, the Defendant again responded seeking dismissal or, in the alternative, transfer of the case to the U.S. District Court for the District of Columbia.  (ECF No. 20.)

## <u>STANDARD OF REVIEW</u>

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The movant bears the burden of showing that a transfer is in the interest of justice.  *See Stratagene v. Parsons Behle & Latimer*, 315 F. Supp. 2d 765, 771 (D. Md. 2004).  A district court has great discretion in determining whether to transfer a case under Section 1404(a).  *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 34 (1998).  The decision to transfer an action under Section 1404(a) is made according to an

"individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). However, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Collins v. Straight, Inc.*, 748 F.2d 916, 921 (4th Cir. 1984) (citing *Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1946)).

## ANALYSIS

In support of its Motion to Dismiss, the Defendant contends (1) that this Court lacks personal jurisdiction; (2) the case should be transferred to the District Court for the District of Columbia; and (3) that the Plaintiff fails to state a claim for relief. (*See* ECF No. 20-1.) For the reasons that follow, this case will be transferred to the U.S. District Court for the District of Columbia. All pending arguments for dismissal of this case will remain pending for disposition in that Court.

### I.   This Case Could Have Been Brought in the United States District Court for the District of Columbia.

On a Motion to Transfer, a court must first determine whether the action could have been brought in the transferee district. *See Aphena Pharma Sols. Maryland LCC v. BioZone Labs., Inc.*, 912 F. Supp. 2d 309, 318 (D. Md. 2012). To establish an action could have been brought in the proposed transferee district, the movant must show that the transferee district would have personal jurisdiction over the defendant and that the court is a proper venue. *Id.* at 318 n.23. There is no question the District Court for the District of Columbia would have personal jurisdiction over the Defendant. The federal diversity jurisdiction statute provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Howard is incorporated in and has its principal place of business in Washington, D.C. (Amended Compl.

¶ 14, ECF No. 19; Wutoh Decl., Ex. 1 ¶¶ 3,4, ECF No. 20-2.)  Howard may, therefore, be sued in the District of Columbia by Payne as a resident of Maryland.

The District Court for the District of Columbia is also a proper venue.  Venue is proper in diversity cases in the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b)(2).  In determining whether venue is proper in the specific context of a breach of contract claim, "'courts consider a number of factors, including where the contract was negotiated or executed, where it was to be performed, and where the alleged breach occurred."  *Structural Group, LLC v. Fyfe Co., LLC*, No. CCB-14-78, 2014 WL 3955439, at *3 (D. Md. Aug. 11, 2014) (quoting *Largotta v. Banner Promotions, Inc.*, 356 F. Supp. 2d 388, 390 (S.D.N.Y. 2005)).  Payne alleges that Howard has four campuses, three in Washington, D.C. and one in Beltsville, Maryland, however, nowhere in the Amended Complaint does he allege he attended the Beltsville campus.[1]  Payne describes the school as a "federally charted historically black university *in Washington, D.C.*" (*See* ECF No. 19 ¶ 2 (emphasis added).)  He further complains that he did not retain the benefits of the school's "unmatched campus culture" and "historic campus community" of which the university advertises on its website.  (*Id.* ¶ 48.)  This "historic campus" is in Washington, D.C. (Wutoh Decl. Ex. 1 ¶ 4, ECF No. 20-2.)  In sum, the alleged contract between Howard and Payne was to be performed in the District of Columbia, and that is where Howard allegedly

---

[1] In fact, the Defendant Howard alleges that its Beltsville, Maryland campus is a research facility where Howard graduate students and employees of the Maryland Department of Energy, the National Oceanic and Atmospheric Administration, the National Aeronautics and Space Administration, and the University of Maryland College Park study atmospheric sciences.  (Wutoh Decl, Ex. 1 ¶ 6, ECF No. 20-2.)  The facility hosts one or two classes per semester, limited to a graduate school program of approximately ten Howard students, who also perform coursework at Howard's main campus in Washington, D.C.  (*Id.* ¶ 8.)  There are no student housing facilities, athletic fields, or student activity spaces on this Maryland campus.  (*Id.* ¶ 9.)

unlawfully retained Payne's funds.  Accordingly, Payne could have brought his case in the District of Columbia.

## II.    The Proposed Transfer Will Better and More Conveniently Serve the Parties and Witnesses and Better Promote the Interests of Justice.

Having determined that a case could have been brought in the transferee forum, a court must proceed to determine if transfer is appropriate in the instant case.  *See, e.g.*, *MTB Servs., Inc. v. Tuckman-Barbee Const. Co.*, No. RDB-12-2109, 2013 WL 1224484, at *5 (D. Md. Mar. 26, 2013).  When considering a motion to transfer pursuant to 28 U.S.C. § 1404(a), this court must consider the following factors: "(1) the weight accorded to the plaintiff's choice of venue, (2) witness convenience and access, (3) convenience of the parties, and (4) the interest of justice." *MTB Servs.*, 2013 WL 1224484, at *5.  In this case, a balancing of these factors weighs in favor of transfer.

### a.    Plaintiff's Choice of Forum is Entitled to Limited Deference

A plaintiff's choice of forum is ordinarily "entitled to substantial weight." *Topiwala v. Wessell*, No. WDQ-11-0543, 2012 WL 122411, at *7 (D. Md. Jan. 12, 2012) (quoting *Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002)).  However, a plaintiff's choice is afforded less weight "when the chosen forum is not the plaintiff's home or has little connection to the events giving rise to the litigation." *Id.* (citing *Tse v. Apple Computer*, No. 05-2149, 2006 WL 2583608, at *2 (D. Md. Aug. 31, 2006)).  Maryland is Payne's home, however, as explained above, the events giving rise to the litigation took place in Washington, D.C. "'[T]he deference given to a plaintiff's choice of forum is proportionate to the relationship between the forum and the cause of action.'" *Maiden Biosciences, Inc. v. MPM Med.*, No. RDB-17-3029, 2018 WL 2416071, at *4 (D. Md. May 29, 2018) (internal citations omitted).

Howard's purported acts or omissions in educating students during the pandemic, and its allegedly improper retention of Payne's tuition and fees, took place in the District of Columbia, not Maryland. The only connection between this case and the District of Maryland is the plaintiff's claim that Maryland is where he resides. Payne's choice of forum is entitled to little deference. *Lynch*, 237 F. Supp. 2d. at 617 (Plaintiff's decision to bring suit in the District of Maryland was entitled to limited deference where accident giving rise to suit occurred in Pennsylvania "and any negligent acts on the part of Defendants would have also occurred in Pennsylvania").

### b. Witness Convenience and Access and Convenience of the Parties Favor Transfer

With respect to the second and thirds factors, witness and party convenience, the District of Columbia is clearly the more convenient forum. As the Defendant alleges and the Plaintiff concedes, the majority of the witnesses in this case, including Howard students, administrators, professors, and other personnel, are located in Washington, D.C. (ECF No. 20-1 at 16, ECF No. 23 at 11.) Further, all records related to student enrollment, student coursework, financial records, and Howard's decision-making process related to the pandemic are also located in the District of Columbia. (Wutoh Decl., Ex. 1 ¶ 5, ECF No. 20-2.) While Payne resides in Maryland, he has not alleged that he will face any inconvenience prosecuting his case in Washington, D.C., and even if he had, "[t]he inconvenience of non-party witnesses is weighed more heavily than the inconvenience of party witnesses, 'who are presumed willing to travel to another forum.'" *Thomas v. Nexion Health, Inc.*, No. RDB-15-2382, 2016 WL 3057987, at *4 (D. Md. May 31, 2016) (quoting *Topiwala*, 2012 WL 122411 at *7) (internal

citations omitted)).  The location of the majority of the witnesses and the evidence in this case is Washington, D.C., and this fact supports transfer.

### c.  The Interests of Justice are Best Served by Transfer

The interest of justice "'encompass[es] all those factors bearing on transfer that are unrelated to the convenience of witnesses and parties.'" *Topiwala*, 2012 WL 122411, at \*8 (quoting *Cross v. Fleet Reserve Ass'n Pension Plan*, 383 F. Supp. 2d 852, 857 (D. Md. 2005)). Further, the District of Columbia has a far greater interest than Maryland in adjudicating claims that one of its premier educational institutions breached a contract when it sought to comply with the Orders of Mayor Muriel Bowser of the District of Columbia issued in the face of a global pandemic.

Additionally, a federal court sitting in diversity applies the choice of law rules of the forum state in which it sits.  *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).  The alleged wrong occurred in the District of Columbia, and therefore, as the Plaintiff concedes in his brief in Opposition, this case poses "issues of D.C. law."  (ECF No. 23 at 11.)  A federal district judge sitting in the District of Columbia is best suited to hear this case.  *See Thomas*, 2016 WL 3057987, at \*4 (holding that where a plaintiff alleged she suffered an injury under Louisiana law, a federal district judge in Louisiana was best suited to hear her case); *see also Lynch*, 237 F. Supp. 2d at 618 ("Because the alleged tort occurred in Pennsylvania, that state's law will govern Plaintiff's claim.  While this Court certainly could preside over litigation involving Pennsylvania law, federal district judges sitting in Pennsylvania are undoubtedly more familiar with that law.").  Thus, this factor weighs in favor of transfer.

## **CONCLUSION**

For the foregoing reasons, Defendant Howard's Motion (ECF No. 20) is GRANTED IN PART and DENIED IN PART.  Specifically, it is DENIED in part with respect to seeking dismissal of this action, but it is GRANTED in part with respect to Transfer of Venue. Accordingly, this case will be transferred to the United States District Court for the District of Columbia.  All pending arguments, including Defendant's arguments for dismissal for failure to state a claim, will remain pending for disposition in that Court.  The Defendant's previous Motion to Dismiss or in the Alternative to Transfer Venue (ECF No. 9) is DENIED AS MOOT.

A Separate Order follows.


Dated: December 22, 2020


                                    _____/s/_____
                                    Richard D. Bennett
                                    United States District Judge