IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Isaiah Payne, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>Howard University,<br><br>*Defendant*. | **Civil Action No. 1:20-cv-3792** |

**DEFENDANT HOWARD UNIVERSITY'S SECOND
<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Defendant Howard University ("Howard") provides this submission to notify the Court of the decision in *Crawford v. The Presidents and Directors of Georgetown College*, No. 1:20-cv-1539, Dkt. 42 (D.D.C. May 7, 2021), and *Qureshi v. American University*, No. 1:20-cv-1141, Dkt. 53 (D.D.C. May 7, 2021) (Exhibit A). As did Judge Leon in *Shaffer v. George Washington University*, No. 1:20-CV-1145, Dkt. 41 (D.D.C. Mar. 24, 2021) (*see* Dkt. No. 39), Judge Cooper found that District of Columbia law does not support the type of tuition and fee refund claims Mr. Payne asserts in this case.

As Mr. Payne does in this case, the *Crawford/Qureshi* plaintiffs asserted claims for breach of contract, unjust enrichment, and conversion, alleging that Georgetown University and American University breached contractual promises for in-person instruction when they transitioned to remote instruction following the outbreak of the COVID-19 pandemic.

In dismissing the breach of contract claims seeking a tuition refund, Judge Cooper held that the course catalogs and other written materials plaintiffs pointed to did not include "promissory language," or "rise[] to the level of specificity required to communicate a definite

promise" for on-campus instruction.  Exhibit A at 12-13.  Judge Cooper also cited Georgetown's and American's "broadly worded reservation of rights" language—similar to Howard's broad reservation of rights language—that "preserved the universities' right to suspend campus-based instruction if they had a good-faith reason to do so."  *Id.* at 19.  Judge Cooper also dismissed the breach of contract claim for fees, because plaintiffs had not identified a promise that fees were for exclusively on-campus activities and programming.  *Id.* at 24-28.

Citing *Shaffer*, Judge Cooper dismissed plaintiffs' unjust enrichment claims for tuition and fees, because (1) a contract existed between the parties covering the same subject matter; and (2) in light of the circumstances, Georgetown's and American's retention of tuition and fees was not unjust.  *Id.* at 20-21, 29.  Finally, Judge Cooper dismissed plaintiffs' conversion claims for tuition and fees because they did not seek the return of identifiable property or segregated funds, as District of Columbia law requires.  *Id.* at 22-23, 30.

May 10, 2021

Respectfully submitted,

By:  /s/ Tracy A. Roman
Tracy A. Roman
Laurel Pyke Malson
Scott L. Winkelman
Astor H.L. Heaven
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Telephone: (202) 624-2651
Facsimile: (202) 628-5116
troman@crowell.com
lmalson@crowell.com
swinkelman@crowell.com
aheaven@crowell.com

*Attorneys for Defendant Howard University*

3

## CERTIFICATE OF SERVICE

      I hereby certify that on May 10, 2021, a copy of the foregoing Howard University's Second Notice of Supplemental Authority was filed with the United States District Court for the District of Columbia by electronic filing and served on all counsel of record via the Court's electronic filing system.

                                                  /s/ Tracy A. Roman
                                                  Tracy A. Roman