**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ISAIAH PAYNE, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Civil Action No. 20-cv-3792-DLF |
| v. | |
| HOWARD UNIVERSITY, | |
| Defendant. | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANT'S MOTION FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b)
<u>AND STAY OF FURTHER PROCEEDINGS</u>**

## TABLE OF CONTENTS

PAGE(S)

INTRODUCTION ........................................................................................................ 1

STANDARD OF REVIEW ........................................................................................... 2

ARGUMENT ............................................................................................................... 5

I.      DEFENDANT HAS FAILED TO DEMONSTRATE ANY GROUNDS FOR AN
        INTERLOCUTORY APPEAL ........................................................................... 5

        A.      There Is No Controlling Question of Law ........................................... 5

        B.      There Are No Substantial Grounds For A Difference Of Opinion .......... 10

        C.      An Interlocutory Appeal Will Not Materially Advance The Case ........... 14

II.     THERE ARE NO GROUNDS FOR A STAY .................................................... 15

CONCLUSION ............................................................................................................ 16

# TABLE OF AUTHORITIES

**PAGE(S)**

## CASES

*1901 Wyoming Ave. Co-op. Ass'n v. Lee*,
345 A.2d 456 (D.C. 1975) .................................................................................... 7

*Air Transp. Ass'n of Am., Inc. v. United States Dep't of Agric.*,
317 F. Supp. 3d 385 (D.D.C. 2018) ................................................................ 2, 12

*Al Maqaleh v. Gates*,
620 F. Supp. 2d 51 (D.D.C.2009) ....................................................................... 16

*Arias v. DynCorp*,
856 F. Supp. 2d 46 (D.D.C. 2012) ........................................................................ 2

*Azima v. RAK Inv. Auth.*,
325 F. Supp. 3d 30 (D.D.C. 2018) ........................................................................ 4

*Bason v. Am. Univ.*,
414 A.2d 522 (D.C. 1980) ..................................................................................... 7

*Caterpillar Inc. v. Lewis*,
519 U.S. 61 (1996) ................................................................................................ 3

*Citizens for Resp. & Ethics in Washington v. Am. Action Network*,
415 F. Supp. 3d 143 (D.D.C. 2019) ...................................................................... 1

*Crawford v. Presidents & Dirs. of Georgetown Coll.*,
2021 WL 1840410 (D.D.C. May 7, 2021) ...................................................... 10, 11

*Danaher Corp. v. Nat'l. Union Fire Ins. Co. of Pittsburg, Inc.*,
1996 WL 65449 (E.D. Pa. 1996) ......................................................................... 10

*Digital Equip. Corp. v. Desktop Direct, Inc.*,
511 U.S. 863 (1994) .............................................................................................. 3

*Fed. Election Comm'n v. Club for Growth, Inc.*,
2006 WL 2919004 (D.D.C. Oct. 10, 2006) ........................................................... 2

*Fed. Trade Comm'n v. Surescripts, LLC*,
2020 WL 2571627 (D.D.C. May 21, 2020) ...................................................... 8, 14

*Firestone Tire & Rubber Co. v. Risjord*,
449 U.S. 368 (1981) .............................................................................................. 3

*First Am. Corp. v. Al-Nahyan*,
    948 F. Supp. 1107 (D.D.C. 1996) ............................................................................. 12

*Friedman v. 24 Hour Fitness USA, Inc.*,
    2009 WL 545783 (C.D. Cal. Mar. 3, 2009) ............................................................. 15

*Graham v. Mukasey*,
    608 F. Supp. 2d 56 (D.D.C. 2009) ............................................................................. 5

*Greene v. Howard Univ.*,
    412 F.2d 1128 (D.C. Cir. 1969) ................................................................................. 7

*Howard Univ. v. Durham*,
    408 A.2d 1216 (D.C. 1979) ........................................................................................ 7

*Howard v. United States*,
    2011 WL 6033078 (D.D.C. Dec. 5, 2011) ............................................................... 15

*In re Cement Antitrust Litig.*,
    673 F.2d 1020 (9th Cir. 1981) .................................................................................... 8

*In re Vitamins Antitrust Litig.*,
    2000 WL 673936 (D.D.C. Jan. 27, 2000) ......................................................... passim

*In Re Vitamins Antitrust Litig.*,
    2000 WL 33142129 (D.D.C. Nov. 22, 2000) ..................................................... 12, 16

*Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Grp.*,
    233 F. Supp. 2d 16 (D.D.C. 2002) ....................................................... 4, 11, 12, 13

*Kennedy v. District of Columbia*,
    145 F. Supp. 3d 46 (D.D.C. 2015) ............................................................................. 4

*Keystone Tobacco Co. v. U.S. Tobacco Co.*,
    217 F.R.D. 235 (D.D.C. 2003) ............................................................... 1, 6, 11, 14

*Kirkland & Ellis v. CMI Corp.*,
    1996 WL 674072 (N.D. Ill. Nov. 19, 1996) ........................................................... 12

*Lillehagen v. Alorica, Inc.*,
    2014 WL 2009031 (C.D. Cal. May 15, 2014) ......................................................... 15

*McCann v. Communications Design Corp.*,
    775 F. Supp. 1506 (D. Conn. 1991) ......................................................................... 12

*Mohawk Indus., Inc. v. Carpenter*,
    558 U.S. 100 (2009) ............................................................................................. 3, 13

*Nat'l Cmty. Reinvestment Coal. v. Accredited Home Lenders Holding Co.*,
  597 F. Supp. 2d 120 (D.D.C. 2009) ....................................................................... 4, 12

*Nat'l Veterans Legal Servs. Program v. United States*,
  321 F. Supp. 3d 150 (D.D.C. 2018) ............................................................................. 13

*Paul v. Howard Univ.*,
  754 A.2d 297 (D.C. 2000) ............................................................................................. 9

*Philipp v. Fed. Republic of Germany*,
  253 F. Supp. 3d 84 (D.D.C. 2017) ................................................................................. 4

*Richardson–Merrell Inc. v. Koller*,
  472 U.S. 424 (1985) ...................................................................................................... 3

*Sai v. Dep't of Homeland Sec.*,
  99 F. Supp. 3d 50 (D.D.C. 2015) ................................................................................... 4

*Shaffer v. George Washington Univ.*,
  2021 WL 1124607 (D.D.C. Mar. 24, 2021) ........................................................... 10, 11

*Shifrin v. Wilson*,
  412 F. Supp. 1282 (D.D.C. 1976) ................................................................................. 9

*Singh v. George Washington Univ.*,
  383 F. Supp. 2d 99 (D.D.C. 2005) .............................................................................. 12

*Swint v. Chambers Cty. Comm'n*,
  514 U.S. 35 (1995) .................................................................................................... 3, 4

*Terrell v. Mr. Cooper Grp., Inc.*,
  2021 WL 2778542 (D.D.C. July 2, 2021) ............................................................ 3, 4, 15

*Tolson v. United States*,
  732 F.2d 998 (D.C. Cir. 1984) ...................................................................................... 4

*Trout v. Garrett*,
  891 F.2d 332 (D.C. Cir. 1989) ...................................................................................... 2

*U.S. House of Representatives v. Burwell*,
  2015 WL 13699275 (D.D.C. Oct. 19, 2015) ................................................................. 4

*United States ex rel. Morsell v. Symantec Corp.*,
  130 F. Supp. 3d 106 (D.D.C. 2015) .............................................................................. 7

*United States ex rel. Morsell v. Symantec Corp.*,
  471 F. Supp. 3d 257 (D.D.C. 2020) .............................................................................. 7

*United States Rubber Co. v. Wright*,
  359 F.2d 784 (9th Cir. 1966) ........................................................ 12

*United States v. 803 Capitol St.*,
  2007 WL 1232188 (D.D.C. Apr. 26, 2007) ................................. 2, 15

*United States v. Hollywood Motor Car Co.*,
  458 U.S. 263 (1982) ...................................................................... 3

*United States v. Honeywell Int'l Inc.*,
  2021 WL 2493382 (D.D.C. June 18, 2021) ................................ 6, 14

*United States v. Nixon*,
  418 U.S. 683 (1974) ...................................................................... 3

*Villarreal v. Caremark LLC*,
  85 F. Supp. 3d 1063 (D. Ariz. 2015) ........................................... 14

*Virtual Def. and Dev. Int'l, Inc. v. Republic of Moldova*,
  133 F. Supp. 2d 9 (D.D.C. 2001) .............................................. 4, 6

*Will v. Hallock*,
  546 U.S. 345 (2006) ...................................................................... 3

## STATUTES

28 U.S.C. § 1291 .............................................................................. 2

28 U.S.C. § 1292(b) ................................................................. passim

## OTHER AUTHORITIES

6 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice And Procedure
  § 3930 at 427 (2d ed. 1992) .......................................................... 6

## INTRODUCTION

Having lost its motion to dismiss with respect to Plaintiff's claims for breach of contract and unjust enrichment, Defendant Howard University ("Defendant" or "Howard") now takes a second bite of the apple by arguing that the Court's July 9, 2021 Order should be certified for an interlocutory appeal, and the action should be stayed in the interim. *See* ECF No. 41 (the "Order" or the "July 9, 2021 Order"); *see also* ECF No. 43 (the "Motion for Certification"). But interlocutory appeals are appropriate only in "exceptional circumstances" where the movant has met its "heavy burden" to satisfy each of the three enumerated factors under 28 U.S.C. § 1292(b): where an appeal would (i) concern "a controlling question of law," (ii) offer "substantial ground for difference of opinion," <u>and</u> (iii) "materially advance the termination of the litigation" if appealed immediately. *Citizens for Resp. & Ethics in Washington v. Am. Action Network*, 415 F. Supp. 3d 143, 145 (D.D.C. 2019) (internal quotation marks and citations omitted). Here, Defendant has not even satisfied a single one of these factors.

First, the issues Defendant intends to present on appeal are not the sort of "questions of law" contemplated by Section 1292(b). Instead, as the Court made clear in its July 9, 2021 Order, whether there is a valid and enforceable contract between the parties for in-person educational services depends on complex issues of fact requiring further development of the record. *See* July 9, 2021 Order, at 8-9. And, where, as here, "the crux of an issue decided by the Court is fact-dependent," certification is inappropriate as this "could only result in the court of appeals improperly wading into the factual pond of an ongoing matter." *Keystone Tobacco Co. v. U.S. Tobacco Co.*, 217 F.R.D. 235, 238-39 (D.D.C. 2003).

Second, Defendant's Motion for Certification essentially restates the arguments it made in its motion to dismiss, citing to the same case law that it cited previously – which the Court considered and distinguished – in its prior briefing. Thus, Defendant appears to simply disagree

with the Court's ruling.  But a "'mere disagreement, even if vehement, with a court's ruling does not establish a 'substantial ground for difference of opinion' sufficient to satisfy the statutory requirements for interlocutory appeal.'"  *Air Transp. Ass'n of Am., Inc. v. United States Dep't of Agric.*, 317 F. Supp. 3d 385, 392-94 (D.D.C. 2018) (quoting *In re Vitamins Antitrust Litig.*, 2000 WL 673936, at *3 (D.D.C. Jan. 27, 2000)).

Third, no efficiency would be gained by permitting the interlocutory appeal or staying the case.  Rather, as discussed below, this process would, arguably, demand *more* time, *more* expenditure of the parties' energies, and *more* use of judicial resources than this Court's resolution of the motion to dismiss.  Specifically, contrary to Defendant's claims, certifying the interlocutory appeal would waste party and judicial resources, and it would further prejudice Plaintiff and members of the putative class in this action by delaying discovery and effectively delay the resolution of the parties' disputes for years.  "Such reversal would not," therefore, be likely to "produce earlier termination of the litigation."  *United States v. 803 Capitol St.*, 2007 WL 1232188, at *1 (D.D.C. Apr. 26, 2007).

In sum, Defendant has failed to articulate "an exceptional circumstance . . . which warrants an interlocutory appeal."  *Arias v. DynCorp*, 856 F. Supp. 2d 46, 53-54 (D.D.C. 2012) (citing *Fed. Election Comm'n v. Club for Growth, Inc.*, 2006 WL 2919004, at *3 (D.D.C. Oct. 10, 2006)).  For the same reason, a stay pending the resolution of the interlocutory appeal in this case or any other is unwarranted.

## STANDARD OF REVIEW

The ability to seek interlocutory appeal under 28 U.S.C. § 1292(b) is an "exception to the firm final judgment rule governing federal courts."  *Trout v. Garrett*, 891 F.2d 332, 335 (D.C. Cir. 1989) (citing 28 U.S.C. § 1291).  The final judgment rule governing federal courts "embodies a strong congressional policy against piecemeal reviews, and against obstructing or impeding an

ongoing judicial proceeding by interlocutory appeals." *United States v. Nixon*, 418 U.S. 683, 690 (1974); *see also Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 45 (1995) (noting that the rule "is designed to prevent parties from interrupting litigation by pursuing piecemeal appeals"). Therefore, the United States Supreme Court has "repeatedly stressed that the 'narrow' exception [permitting interlocutory appeals, where they are normally prohibited] should stay that way and never be allowed to swallow the general rule, that a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated[.]" *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994) (internal citations omitted).[1]

Section 1292(b) provides for interlocutory appeals from "otherwise not immediately appealable orders, if conditions specified in the section are met, the district court so certifies, and the court of appeals exercises its discretion to take up the request for review." *Terrell v. Mr. Cooper Grp., Inc.*, 2021 WL 2778542, at *3 (D.D.C. July 2, 2021) (internal citations omitted) (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 n.10 (1996)). Pursuant to Section 1292(b), a district court may certify an order for interlocutory appeal *only* if "the moving party [] demonstrate[s] that the order at issue": "(1) involves a controlling question of law; (2) offers substantial ground for difference of opinion as to its correctness; and (3) if appealed immediately, would materially advance the ultimate termination of the litigation." *Id.*, at *3 (quoting 28 U.S.C. § 1292(b)). "The moving party bears the burden of establishing all three elements." *See U.S.*

---

[1]    *See also Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (noting that the U.S. Supreme Court's "admonition reflects a healthy respect for the virtues of the final-judgment rule" and further recognizes that "[p]ermitting piecemeal, prejudgment appeals, … undermines 'efficient judicial administration' and encroaches upon the prerogatives of district court judges, who play a 'special role' in managing ongoing litigation") (citing *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)); *Richardson–Merrell Inc. v. Koller*, 472 U.S. 424, 436 (1985) ("[T]he district judge can better exercise [his or her] responsibility [to police the prejudgment tactics of litigants] if the appellate courts do not repeatedly intervene to second-guess prejudgment rulings."); *Will v. Hallock*, 546 U.S. 345, 350 (2006) ("emphasizing [the doctrine's] modest scope"); *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 270 (1982).

*House of Representatives v. Burwell*, 2015 WL 13699275, at *1 (D.D.C. Oct. 19, 2015) (citation omitted).

Moreover, "[e]ven if the movant establishes the three criteria under section 1292(b), the Court may still deny certification[.]"  *Terrell*, 2021 WL 2778542, at *3 (citing *Swint*, 514 U.S. at 47); *see also Azima v. RAK Inv. Auth.*, 325 F. Supp. 3d 30, 35 (D.D.C. 2018) ("Even where the district court 'confirm[s] that the moving party has satisfied all of the elements of section 1292(b) . . . it must also conclude that certification is appropriate as a discretionary matter.'"). Accordingly, "[a]lthough courts have discretion to certify an issue for interlocutory appeal, interlocutory appeals are rarely allowed[.]"  *Nat'l Cmty. Reinvestment Coal. v. Accredited Home Lenders Holding Co.,* 597 F. Supp. 2d 120, 122 (D.D.C. 2009) (quoting *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Grp.*, 233 F. Supp. 2d 16, 20 (D.D.C. 2002)); *see also Tolson v. United States*, 732 F.2d 998, 1002 (D.C. Cir. 1984) ("Section 1292(b) is meant to be applied in relatively few situations and should not be read as a significant incursion on the traditional federal policy against piecemeal appeals.") (internal quotation marks omitted)); *Philipp v. Fed. Republic of Germany*, 253 F. Supp. 3d 84, 87 (D.D.C. 2017) ("Because certification runs counter to the general policy against piecemeal appeals, this process is to be used sparingly.") (quoting *Sai v. Dep't of Homeland Sec.*, 99 F. Supp. 3d 50, 59 (D.D.C. 2015)).

Indeed, "[t]he 'law is clear that certification under § 1292(b) is reserved for truly exceptional cases.'" *Judicial Watch*, 233 F. Supp. 2d at 20 (quoting *In re Vitamins*, 2000 WL 673936, at *2); *Virtual Def. and Dev. Int'l, Inc. v. Republic of Moldova*, 133 F. Supp. 2d 9, 22 (D.D.C. 2001) (same); *see also Kennedy v. District of Columbia*, 145 F. Supp. 3d 46, 51 (D.D.C. 2015) ("Interlocutory appeals are 'infrequently allowed,' for the movant must demonstrate 'exceptional circumstances' justifying piecemeal appeal.") (quoting *Graham v. Mukasey*, 608 F. Supp. 2d 56, 57 (D.D.C. 2009)).

## ARGUMENT

### I.   DEFENDANT HAS FAILED TO DEMONSTRATE ANY GROUNDS FOR AN INTERLOCUTORY APPEAL

#### A.   <u>There Is No Controlling Question of Law</u>

The first requirement of Section 1292(b) is that the order contain "a controlling question of law."  28 U.S.C. § 1292(b).  Defendant argues the first requirement of Section 1292(b) is satisfied because the Court's July 9, 2021 Order involves the following five purportedly "controlling questions of law:"

1.   Under District of Columbia law, does the contractual relationship between a university and a student include an enforceable promise to provide in-person instruction based on a course catalog that contains a reservation of rights?

2.   Does the doctrine of deference to academic judgments not apply where a plaintiff's claims are based on "the nature of the actual services provided" by the university?

3.   Under District of Columbia law, is breach of the implied covenant of good faith and fair dealing an independent claim that must be pled, or a lens through which contractual provisions, such as a reservation of rights provision, are interpreted?

4.   May a plaintiff plausibly allege a violation of the implied duty of good faith and fair dealing based on a university's move to online instruction in response to a global pandemic where plaintiff does not plead that the university acted in bad faith or unreasonably?

5.   May a plaintiff maintain a claim for unjust enrichment where he alleges the existence of an express contract and does not disavow the contract as invalid or unenforceable?

Motion for Certification, at 1-2; *see also id.* at 6-11.  Defendant's arguments here are misplaced.

As an initial matter, these issues, although artfully (if not disingenuously) framed simply do not present the sort of "questions of law" contemplated by Section 1292(b).  As courts in this District have repeatedly held, where "the crux of an issue decided by the Court is fact-dependent," certification under Section 1292(b) is inappropriate as this "could only result in the court of appeals improperly wading into the factual pond of an ongoing matter."  *Keystone*, 217 F.R.D. at 238-39;

*see also United States v. Honeywell Int'l Inc.*, 2021 WL 2493382, at *2-3 (D.D.C. June 18, 2021); *see also* 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3930 at 427 (2d ed. 1992) ("There is indeed no reason to suppose that interlocutory appeals are to be certified for the purpose of inflicting upon courts of appeals an unaccustomed and ill-suited role as factfinders."). And here, the Court's July 9, 2021 Order makes clear that its conclusion as to Plaintiff's claims for breach of contract and unjust enrichment were grounded in considerations of fact, not law.

Indeed, the Court's Order explicitly states that the determination of these issues was premature given the need for more factual development on the underlying dispute. *See* July 9, 2021 Order, at 8 ("<u>Further factual development of the record is likely to shed light on the nature and scope of the implied contracts</u>, including the scope of the universities' reservations of rights. At least as alleged in the complaints, however, the plaintiffs have plausibly stated a claim for breach of an implied contract.") (emphasis added); *see also id.* at 9 ("<u>At this early stage, it is not yet clear whether the plaintiffs will ultimately prevail on a breach of contract theory</u>. Indeed, it is yet <u>undetermined whether a valid contract will even govern the precise issue</u> of in-person versus remote education. And even if a valid contract does govern, it is <u>premature to determine whether it is enforceable</u>. Whether it was unjust for the universities to retain the plaintiffs' tuition and fees payments goes to the underlying merits of the case to be developed in further proceedings.") (emphasis added).

The Court's conclusion is consistent with D.C. precedent, which confirms that issues of contractual interpretation, at least in the context of implied-in-fact contracts as here, turn on the particular facts of a given case. For instance, the D.C. Circuit has long acknowledged that contractual obligations can arise from the parties' course of conduct and usual practices. *See, e.g.*, *Greene v. Howard Univ.*, 412 F.2d 1128, 1132, 1133 n.4 (D.C. Cir. 1969) (noting that Howard's

Faculty Handbook "summarizes the usual and customary practice which had built up in the University-faculty relationship" and acknowledging that "[t]his usual practice, of course, can be raised to the level of a contractual obligation"). And, as courts in D.C. have recognized, "[w]hether a party knew or had reason to know of a usage would present a question of fact for the jury." *1901 Wyoming Ave. Co-op. Ass'n v. Lee*, 345 A.2d 456, 462 n.11 (D.C. 1975). *See also United States ex rel. Morsell v. Symantec Corp.*, 471 F. Supp. 3d 257, 281 (D.D.C. 2020), *reconsideration denied sub nom. United States ex rel. Morsell v. NortonLifeLock, Inc.*, 2021 WL 3363446 (D.D.C. Aug. 3, 2021) ("Contract interpretation is a matter of law, but if the parties disagree about how to read an ambiguous clause and if each party identifies evidence supporting its own interpretation, this may constitute a dispute of fact over what the parties mutually intended at the outset.") (emphasis added and internal citations omitted); *United States ex rel. Morsell v. Symantec Corp.*, 130 F. Supp. 3d 106, 138 (D.D.C. 2015) ("Here, based on the incomplete, pre-discovery record before it, the Court concludes that there is a dispute of material fact as to whether the parties 'mutually intended and agreed' to the [plaintiff's] preferred construction[.]") (emphasis added); *Howard Univ. v. Durham*, 408 A.2d 1216, 1219 (D.C. 1979) ("[W]here several reasonable inferences can be drawn and resort must be made to extrinsic evidence, the question is to be resolved by the trier of fact.") (citation omitted).[2] Thus, although Defendant argues that "[i]n the District of Columbia, the contours and elements of the contractual relationship between a university and its student are a question of law[,]" Motion for Certification, at 7, that is not correct. Therefore, the July 9, 2021

---

[2]     *See also Bason v. Am. Univ.*, 414 A.2d 522, 525 (D.C. 1980) ("[T]he fundamental issue is whether Bason had a contractual right to be evaluated and kept informed of his progress toward tenure. The answer to that question requires resort to the actual employment contract, those documents expressly incorporated into it[,] … and the customs and practices of the University. … The trial court summarily concluded that Bason had no such contractual right. But this is the essence of the conflict. We think, on this record, this was properly a matter for the jury to decide. Bason contended that the printed contract, Faculty Manual, and University customs and practices conferred a right … [and] supported this argument by reference to [specific] Manual sections[.] … [The] contract is reasonably susceptible to this construction. Accordingly, he has a right to present it to a jury.") (emphasis added and internal citations omitted).

Order simply does not contain the sort of "question[s] of law" contemplated by Section 1292(b). Defendant's artful framing of the issues in this case cannot convert an inherently factual dispute into one of law.

Moreover, none of the five purported "questions of law" cited in Defendant's Motion for Certification, *see id.* at 1, is "controlling" within the meaning of Section 1292(b). "'[A] question is controlling[] … if interlocutory reversal might save time for the district court, and time and expense for the litigants." *Fed. Trade Comm'n v. Surescripts, LLC*, 2020 WL 2571627, at *3 (D.D.C. May 21, 2020) (citation omitted); *see also In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981) ("While Congress did not specifically define what it meant by 'controlling,' the legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation.").

Here, Question 4 assumes that Plaintiff has "not plead that the university acted in bad faith or unreasonably[.]" *See* Motion for Certification, at 10. That is not the case. Plaintiff plainly alleges that Howard's decision to retain monies paid for products and services that were never delivered was illegal and unjust. *See* First Amended Class Action Complaint ¶ 77 ("It would be unjust and inequitable for Defendant to retain the benefit [from monies paid for products and services that were never delivered], and Defendant should be required to disgorge this unjust enrichment."). In doing so, Plaintiff alleges numerous facts that would support a reasonable inference that Defendant acted in bad faith and unreasonably in retaining such monies. Further, insofar as Defendant suggests that the Court held as a matter of law that a plaintiff may *prove* or *recover* for "a violation of the implied duty of good faith and fair dealing" without showing "that the university acted in bad faith or unreasonably[,]" the Order held no such thing. Rather, the

Court acknowledged that such a claim for violation of the implied duty of good faith and fair dealing requires a showing of bad faith or unreasonable conduct. *See* July 9, 2021 Order, at 7.

Regardless, the question of whether Defendant acted in bad faith or unreasonably in this case is ultimately another question of fact to be resolved by the jury. *See Shifrin v. Wilson*, 412 F. Supp. 1282, 1296-97 (D.D.C. 1976) ("[T]he inappropriateness of deciding th[e] question [of whether defendant acted reasonably as a matter of law] on a motion for summary judgment [is] clear. … [J]ust as good faith is a question usually reserved for the fact-finder, so 'even when there is no dispute as to the facts, it usually is for the jury to decide whether the conduct in question meets the reasonable man standard.' … There is simply no sufficient basis at this stage for a finding of that nature by the Court.") (internal citations omitted).  This Court properly drew all reasonable inferences in favor of Plaintiff and refused to dismiss his contract-based claims. *See* July 9, 2021 Order at 7 ("'If the universities had cancelled all in-person instruction simply to save money and effort, that might be precisely the type of unreasonable, bad-faith action that D.C. contract law prohibits.'") (quoting *Paul v. Howard Univ.*, 754 A.2d 297, 310 (D.C. 2000)).  As a result, Question 4 presents neither a question of "law" nor one capable of "controlling" the outcome of this case.

Similarly, Question 5 presupposes that Defendant's contractual obligation to provide students with in-person educational services during the Spring 2020 Semester was a term covered by an *express* contract.  However, as noted above, this Court explicitly acknowledged that Plaintiff's complaint "plausibly stated a claim for breach of an *implied* contract."  July 9, 2021 Order, at 8 (emphasis added).  Thus, the question of whether "a plaintiff [may] maintain a claim for unjust enrichment where he alleges the existence of an express contract[,]" *see* Motion for Certification, at 10-11, is not relevant to this case.  That is, the answer to this question would have

no bearing on the outcome of this litigation.  It is therefore not a "controlling" question within the meaning of Section 1292(b).

"Under these circumstances, an unnecessary interlocutory appeal would only prolong the life of this litigation at all the parties' expense." *In re Vitamins*, 2000 WL 673936, at *3; *see also Danaher Corp. v. Nat'l. Union Fire Ins. Co. of Pittsburg, Inc.*, 1996 WL 65449, at *2 (E.D. Pa. 1996) (cited with approval by *In re Vitamins*, 2000 WL 673936, at *3 (denying motion to certify because "[a]llowing immediate appeal ... would not promote the efficient use of scarce judicial resources because it would unreasonably delay litigation in the district court, allow piecemeal appeals, and force courts of appeals to become embroiled in factual details, a task for which they are not suited")).

### B.     There Are No Substantial Grounds For A Difference Of Opinion

Next, Defendant contends that "divergent decisions among the jurists of this District – as well as across the country – amply satisfy the second Section 1292(b) factor, which calls for 'substantial ground for difference of opinion' over the questions presented for certification." Motion for Certification, at 11.  Specifically, citing the Order's purported "disagreement with the *Shaffer* [*v. George Washington Univ.*, 2021 WL 1124607 (D.D.C. Mar. 24, 2021)] and *Crawford* [*v. Presidents & Dirs. of Georgetown Coll.*, 2021 WL 1840410 (D.D.C. May 7, 2021)] decisions[,]" Defendant contends that "this split among sister courts within this District proves that there are substantial grounds for difference of opinion." *Id*. (citing Order at 5).  Once again, Defendant is wrong.  "The threshold for establishing the 'substantial ground for difference of opinion' with respect to a 'controlling question of law' required for certification pursuant to § 1292(b) is a high one." *Judicial Watch*, 233 F. Supp. 2d at 19.  And here, Defendant's motion once again falls flat.

First, Defendant argues that this Court's Order regarding Plaintiff's breach of contract claim diverges from *Shaffer* and *Crawford*. Motion for Certification, at 12. Not so. Although Defendant is correct that the Court's Order reaches a different conclusion from that of the *Shaffer* and *Crawford* decisions, all three courts faithfully applied the same legal standard—to a different set of facts. Specifically, the Court here, like the courts in *Shaffer* and *Crawford*, analyzed Defendant's course catalogue, including the reservation of rights provision. *See* July 9, 2021 Order, at 5-6. In fact, the Court explicitly relied upon the reasoning set forth in *Crawford* in reaching its own conclusion that Plaintiff has "plausibly stated a claim for breach of an implied contract." *Id.* at 8; *see also id.* at 5 (explaining that the *Crawford* court "found that [i]t is plausible that both universities impliedly promised, at most, to make a good-faith effort to provide on-campus education"); *see also id.* at 6 ("[L]ike the *Crawford* court, this Court questions whether the universities' reservation of rights enumerating certain categories of potential changes, plus a catch-all category, permits the universities to make *any and all* changes imaginable to course programming and educational services.").

In essence, Defendant does not dispute the principles of law this Court applied in reaching its Order, only the conclusions it reached after applying such law to the distinct facts of this case.[3] However, "[t]his is not sufficient to meet the requirements of Section 1292(b)." *Keystone*, 217 F.R.D. at 239. It is well-established that "[m]ere disagreement, even if vehement, with a court's ruling does not establish a substantial ground for difference of opinion sufficient to satisfy the statutory requirements for an interlocutory appeal." *Air Transp.*, 317 F. Supp. 3d at 393; *Nat'l Cmty. Reinvestment Coal.*, 597 F. Supp. 2d at 122 (same); *Jud. Watch, Inc. v. Nat'l Energy Pol'y Dev. Grp.*, 233 F. Supp. 2d 16, 20 (D.D.C. 2002) (same); *In Re Vitamins Antitrust Litig.*, 2000 WL

---

[3]     In fact, Defendant concedes this point in a footnote, noting that "[t]he D.C. Circuit's forthcoming decisions in the *Shaffer*, *Crawford*, and *Qureshi* cases may[] … create <u>factual issues</u> in this case[.]" Motion for Certification, at 6 n.2.

33142129, at *2 (D.D.C. Nov. 22, 2000) (same); *First Am. Corp. v. Al-Nahyan*, 948 F. Supp. 1107, 1117 (D.D.C. 1996) (same); *see also id.* ("The mere claim that a decision has been wrongly decided is not enough to justify an interlocutory appeal."); *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 104 (D.D.C. 2005) ("A mere claim that the district court's ruling was incorrect does not demonstrate a substantial ground for difference of opinion."); *In re Vitamins*, 2000 WL 673936, at *2 (no certification of interlocutory appeal where movants offered no authority demonstrating substantial ground for difference of opinion other than their disagreement with court's decision).[4] Contrary to Defendant's assertion, there is no inconsistency between this Court's July 9 Order and *Crawford*. Indeed, both decisions follow application of the same legal standard; the divergent outcome of this case represents application of such law to a distinct set of *facts*.

Second, Defendant argues that this Court's July 9 Order creates a "split" with *Shaffer* and *Crawford* regarding unjust enrichment. Motion for Certification, at 14. Once again, Defendant is wrong. In *Crawford*, for instance, the court ultimately dismissed the plaintiffs' unjust enrichment claim because it found that there was a valid contract governing the subject matter in dispute, and the plaintiffs had failed to allege facts from which a reasonable person could infer that the contract was somehow invalid or unenforceable, such that they would be entitled to seek restitutionary relief in the alternative to contract damages.

Here, by contrast, this Court has *not* found as a matter of law that there is a valid, enforceable contract between the parties that Defendant would provide in-person education and on-campus services during the Spring 2020 Semester at Howard, in exchange for Plaintiff's payment of tuition and fees. July 9 Order, at 9 ("At this early stage, it is not yet clear whether the

---

[4]     *See also Kirkland & Ellis v. CMI Corp.*, 1996 WL 674072, at *4 (N.D. Ill. Nov. 19, 1996) (cited with approval by *In Re Vitamins*, 2000 WL 33142129, at *3 ("Interlocutory review 'should not be used merely to provide a review of difficult rulings in hard cases.'") (quoting *McCann v. Communications Design Corp.*, 775 F. Supp. 1506, 1534 (D. Conn. 1991)); *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)).

plaintiffs will ultimately prevail on a breach of contract theory.  Indeed, it is yet undetermined whether a valid contract will even govern the precise issue of in-person versus remote education. And even if a valid contract does govern, it is premature to determine whether it is enforceable. Whether it was unjust for the universities to retain the plaintiffs' tuition and fees payments goes to the underlying merits of the case to be developed in further proceedings.").  Thus, recognizing that discovery might reveal the purported contract for in-person services non-existent, invalid, or unenforceable, the Court held that dismissal was premature at this early stage.

Moreover, Defendant's present motion effectively regurgitates arguments it made in its prior motion to dismiss and does not raise any new grounds or cite any new authority suggesting that the Court's prior order was erroneous.  *See* Motion for Certification, at 11-15.  That is, in the current motion, Defendant does not offer any new authority, persuasive or otherwise, with which it claims this Court's decision conflicts.  That lack of authority is dispositive.  Because "there is no legal precedent for [Defendant's] position[,] … there can be no 'substantial ground for difference of opinion' justifying interlocutory appeal on this issue." *Judicial Watch*, 233 F. Supp. 2d at 24; *see also In re Vitamins*, 2000 WL 673936, at *3 (denying § 1292(b) certification where "[p]etitioners have not cited a single case antagonistic to" the court's earlier opinion).  *See, e.g.*, *Mohawk Indus.*, 558 U.S. at 111 (discussing § 1292(b) certification in the context of "a new legal question" or a ruling "of special consequence"); *Nat'l Veterans Legal Servs. Program v. United States*, 321 F. Supp. 3d 150, 152, 155 (D.D.C. 2018) (addressing a "novel question of statutory interpretation" and a "complete absence of any precedent from any jurisdiction"); *Fed. Trade Comm'n*, 2020 WL 2571627, at *4 (holding that the defendant "fails to demonstrate that the specific question of whether … the Court's prior conclusion … presents substantial ground for difference of opinion" because "[i]ts motion includes no new authorities supporting its view[.]").

### C.      An Interlocutory Appeal Will Not Materially Advance The Case

Under the third factor, the Court must determine whether an interlocutory appeal would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "To satisfy th[is] third requirement of Section 1292(b)[] … the moving party must show that 'reversal would hasten or at least simplify the litigation in some material way, such as by significantly narrowing the issues, conserving judicial resources, or saving the parties from needless expense.'" *Honeywell Int'l Inc.*, 2021 WL 2493382, at *3-4. Further, the movant "must identify an impact on the proceeding that is more than merely speculative." *Id.*; *see also Keystone*, 217 F.R.D. at 239 ("A possible impact on case strategy . . . is too intangible a repercussion on the progress of a case to justify certification of interlocutory appeal.").

Here, permitting interlocutory appeal will guarantee wasted resources, delay a trial, and would not in any way advance the ultimate termination of the litigation. Indeed, Defendant's motion – brought alongside a motion to stay the litigation pending appeal – would, if granted, virtually guarantee years of needless delay. *See Villarreal v. Caremark LLC*, 85 F. Supp. 3d 1063, 1073 (D. Ariz. 2015) ("Compounding the potential for delay is the fact that Caremark also is seeking a stay pending any interlocutory appeal.").

Granting Defendant's motion for interlocutory appeal would *delay* "the ultimate termination of the litigation," not "advance" it. Even if the Court granted Defendant's motion, and the D.C. Circuit agreed to take up the appeal, and Defendant ultimately prevailed on its interlocutory appeal through a ruling that Plaintiff's claim is premature while the underlying appeal is pending, such a ruling would simply determine *when* this case could be brought, not *if*. If Plaintiff's claim were found to be premature, Plaintiff would still pursue this action likely years later upon the ultimate resolution of the underlying appeal. Where, as here, a substantial amount of litigation would be necessary regardless of the outcome of the appeal, federal courts in other

districts have found that an immediate appeal is not appropriate.  *See, e.g.*, *Friedman v. 24 Hour Fitness USA, Inc*., 2009 WL 545783, at *2 (C.D. Cal. Mar. 3, 2009) ("Because a substantial amount of litigation remains in this case regardless of the correctness of the Court's ruling, 24 Hour's arguments that interlocutory appeal would advance the resolution of this litigation are unpersuasive."); *Lillehagen v. Alorica, Inc*., 2014 WL 2009031, at *7 (C.D. Cal. May 15, 2014) (finding interlocutory appeal not appropriate where "a substantial amount of litigation still remains and the certified question may very well be mooted").  Thus, "there is no basis to conclude that an interlocutory appeal on these issues would 'materially advance' this litigation[.]"  *Terrell*, 2021 WL 2778542, at *3-4 (citing 28 U.S.C. § 1292(b)); *see also 803 Capitol St.*, 2007 WL 1232188, at *1.  If anything, certifying the issue for interlocutory appeal would delay the ultimate termination of this case, not advance it.

## II.    THERE ARE NO GROUNDS FOR A STAY

Finally, Defendant asks that the Court stay this action pending resolution of the interlocutory appeal of this case, should the Court grant its Motion for Certification, and pending the interlocutory appeals in *Shaffer* and *Crawford* in the event the Court denies its motion.  Motion for Certification, at 15-16.  Under D.C. law, "to prevail on a motion for a stay pending appeal, a party must show: (1) a likelihood of prevailing on the merits of its appeal; (2) that it will suffer irreparable injury absent the stay; (3) that the non-moving party will not be harmed by the issuance of a stay; and (4) that the public interest will be served by a stay."  *Howard v. United States*, 2011 WL 6033078, at *1 (D.D.C. Dec. 5, 2011) (citing *Al Maqaleh v. Gates*, 620 F. Supp. 2d 51, 58 (D.D.C.2009)).

Here, Defendant has not and cannot demonstrate any of these elements are satisfied.  For the same reasons as stated above, a stay of all case proceedings pending resolution of any such

interlocutory appeal "would certainly thwart the prompt resolution of this matter and the Court cannot in good faith allow such delay." *In re Vitamins*, 2000 WL 33142129, at *2.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's motion in its entirety.  Because Defendant has not met any of the factors justifying an immediate appeal under § 1292(b) – and a finding in Defendant's favor is required as to all three – the Court should deny Defendant's motion for an immediate appeal of the Court's July 9, 2021 Order, and deny the request for a stay.

Dated: August 19, 2021     Respectfully submitted,

            **SILVERMAN THOMPSON SLUTKIN & WHITE, LLC**

          By:   */s/ William N. Sinclair*
            William N. Sinclair (Bar No. 500799)
            201 N. Charles St., Suite 2600
            Baltimore, MD 21201
            Telephone: (410) 385-2225
            Facsimile: (410) 547-2432
            Email: bsinclair@silvermanthompson.com

            **BURSOR & FISHER, P.A.**
            L. Timothy Fisher (*pro hac vice*)
            Neal J. Deckant (*pro hac vice*)
            1990 North California Blvd., Suite 940
            Walnut Creek, CA  94596
            Telephone: (925) 300-4455
            Facsimile: (925) 407-2700
            Email: ltfisher@bursor.com
               ndeckant@bursor.com

            **BURSOR & FISHER, P.A.**
            Sarah N. Westcot (*pro hac vice* forthcoming*)*
            701 Brickell Avenue, Suite 1420
            Miami, FL 33131
            Telephone: (305) 330-5512
            Facsimile: (305) 676-9006
            Email: swestcot@bursor.com

**GAINEY McKENNA & EGLESTON**
Thomas J. McKenna (*pro hac vice* forthcoming)
Gregory M. Egleston (*pro hac vice* forthcoming)
501 Fifth Avenue, 19th Floor
NY, NY 10017
Telephone: (212) 983-0381
Facsimile: (212) 983-0383
Email: tjmckenna@gme-law.com
Email: gegleston@gme-law.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 19, 2021, a copy of Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Certification Under 28 U.S.C. § 1292(b) and Stay of Further Proceedings was filed with the United States District Court for the District of Columbia by electronic filing and served on all counsel of record via the Court's electronic filing system.

By: */s/ William N. Sinclair*
   William N. Sinclair (Bar No. 500799)