IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Isaiah Payne, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>Howard University,<br><br>*Defendant*. | **Civil Action No. 1:20-cv-3792** |

**REPLY IN SUPPORT OF HOWARD UNIVERSITY'S
MOTION FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b)
AND STAY OF FURTHER PROCEEDINGS**

In its opening brief, Howard University ("Howard") explained why this case is tailor-made for interlocutory review.[1] This Court and two sister courts within this District, having examined similar allegations by student plaintiffs about five different District of Columbia universities' transitions to remote learning because of the COVID-19 pandemic, reached contradictory conclusions about the viability of the students' claims based on divergent interpretations of unsettled law. Citing these contradictory rulings, Howard asked the Court to certify its July 9, 2021 Order (the "Order," ECF No. 41) to the D.C. Circuit, which is already considering similar questions of law in three of the cases. Howard explained that certification of the Order could resolve five controlling questions of law which could terminate this case, or, at bare minimum, inform further proceedings, either way conserving this Court's and the parties' resources.

---

[1] Mem. in Supp. of Mot. for Certification Under 28 U.S.C. § 1292(b) and Stay of Further Proceedings ("Mot."), ECF No. 43-1.

Plaintiff opposes certification, arguing that Howard's proposed questions are fact-intensive, are not controlling, reflect no divergence of opinion or court split, present no new arguments, and their resolution would not achieve economies.[2]  Each objection fails under scrutiny.

*Howard's proposed questions present issues of law, not fact.*  Plaintiff contends that the divergent outcomes within this District stem from "considerations of facts, not law."  Opp. at 6; *see also id.* at 12.  Not once, however, does the Court's Order indicate that facts explain or account for the divergence; rather, this Court emphasized similarities in the material facts in this case to those in *Shaffer v. George Washington Univ.*, No. 20-1145, 2021 WL 1124607 (D.D.C. Mar. 24, 2021), and *Crawford v. Presidents & Dirs. of Georgetown Coll.*, No. 20-1141, 2021 WL 1840410 (D.D.C. May 7, 2021), including the reservation of rights in the universities' course catalogs.  *See* Order at 5.  Nor does plaintiff identify facts that could account for the divergence.  In reality, this Court deemed unsettled or uncertain central legal principles it applied to plaintiffs' allegations.  Order at 5-7.  The difference in outcomes, then, lies not in facts but in law – in particular, in the controlling legal questions on which Howard seeks immediate appellate review.[3]

*Each legal question posed by Howard is controlling.*  As Howard explained (Mot. at 7-11), each question of law on which it seeks certification, if reversed on appeal, would result in termination of the entire lawsuit or dismissal of certain claims.  This kind of effect is the very definition of "controlling."  *APCC Servs., Inc. v. Sprint Commc'ns Co.*, 297 F. Supp. 2d 90, 95–96 (D.D.C. 2003) ("[A] controlling question of law is one that would require reversal if decided

---

[2] *See* Pls.' Mem. of P&A in Opposition to Defendant's Mot. for Certification Under 28 U.S.C. § 1292(b) and Stay of Further Proceedings ("Opp."), ECF No. 46.

[3] While there are differences of fact among the cases, they have no bearing on the Court's Order or on Howard's motion seeking interlocutory review.

incorrectly or that could materially affect the course of litigation with resulting savings of the court's or the parties' resources. Controlling questions of law include issues that would terminate an action if the district court's order were reversed.") (internal quotation marks and citation omitted).

Plaintiff all but concedes that Questions 1, 2, and 3 meet this standard, as he debates only the "controlling" character of Questions 4 and 5. Opp. at 8-10. With respect to Question 4,[4] plaintiff admits that the Court acknowledged that "a claim for violation of the implied duty of good faith and fair dealing requires a showing of bad faith or unreasonable conduct," but argues that the answer to this question would not be controlling because he alleged sufficient facts from which to infer bad faith. *Id.* at 9. Yet plaintiff's counsel said the exact opposite at the hearing on Howard's motion to dismiss:

> And I can stop and pause for a second and just say no one is blaming the universities in any of these cases for switching to an online program. I think in many cases they were mandated to do that, and no one blames them for doing that. That was a reasonable decision, and that's not what these cases are about.

Transcript of May 11, 2021 Motion Hearing ("Tr."), ECF 45, at 53:24; *see also* First Amended Complaint, EFC No. 17, ¶¶ 11, 45 (acknowledging Howard "did not have a choice in cancelling in-person classes . . . ."). Given plaintiff's admission, and the absence of a single allegation of bad faith to support his contract claim, Howard's question indeed raises a controlling issue about whether Howard can be found to have breached the implied duty of good faith and fair dealing.[5]

---

[4] "May a plaintiff plausibly allege a violation of the implied duty of good faith and fair dealing based on a university's move to online instruction in response to a global pandemic where plaintiff does not plead that the university acted in bad faith or unreasonably?" Mot. at 2.

[5] Plaintiff asserts that he alleged bad faith by Howard, yet for this he points to conclusory allegations made in support of his unjust enrichment claim, not his breach of contract claim. *See* Opp. at 8 (citing First Amended Complaint ¶ 77).

3

Plaintiff similarly missteps on Howard's Question 5, regarding his unjust enrichment claim.[6]  *See* Opp. at 9-10.  If the D.C. Circuit were to hold that unjust enrichment claims cannot survive where plaintiff alleges an express contract between the parties and affirms that supposed contract, plaintiff's unjust enrichment claim would be barred, regardless of the Court's ruling as to the existence of a contract, whether express or implied.

*There are substantial grounds for difference of opinion for each question posed, as shown by the split in the courts*.  Plaintiff's counter here is ably answered by the Court's own acknowledgment that some courts across the country "have reached the same conclusions in similar tuition-refund cases related to the COVID-19 pandemic . . .[while] other courts, including two courts in this district, have granted motions to dismiss on *similar claims*."  Order at 5 (emphasis added); *see also Crawford*, 2021 WL 1840410, at *1 ("Many similar cases have been filed across the country, and courts have divided on whether these complaints raise plausible claims for breach of contract and other causes of action.").  Plaintiff himself admits that the three rulings in the five District of Columbia cases analyzed similar allegations and claims, including whether course catalogs can form the basis of an express or implied contract claim for in-person instruction, and the scope and enforceability of reservation of rights provisions in those catalogs.  Opp. at 11.

Howard's motion explains how each of the five legal questions on which it seeks interlocutory review provides substantial grounds for difference of opinion, but plaintiff discusses only Question 5.  Plaintiff argues that there is no split between this Court's ruling and the *Shaffer* and *Crawford* rulings on the pleading standard for unjust enrichment because the Order did not

---

[6] "May a plaintiff maintain a claim for unjust enrichment where he alleges the existence of an express contract and does not disavow the contract as invalid or unenforceable?"  Mot. at 2.

find that an express contract exists between plaintiff and Howard (thus barring the unjust enrichment claim), finding instead an implied contract for in-person instruction. Opp. at 9-10. Plaintiff misapprehends Question 5, which compares what plaintiff pled to what other courts have required a plaintiff to plead in order to state a viable unjust enrichment claim. The *Crawford* decision held that "taking the Amended Complaints' allegations as true," plaintiffs alleged a contract against Georgetown and American and could not plead unjust enrichment as an alternative to breach of contract without alleging that the contract was invalid or unenforceable. *Crawford*, 2021 WL 1840410, at *9. The *Shaffer* court agreed. *Shaffer*, 2021 WL 1124607, at *3. This Court demonstrably disagreed, because the unjust enrichment claim survived *despite* plaintiff's allegations of an enforceable contract. This is an obvious split between sister courts and thus a worthy candidate for interlocutory review.

*Plaintiff misstates the standard for interlocutory review.* Plaintiff faults Howard for failing to "raise any new grounds or cite new authority suggesting the Court's prior order was erroneous." Opp. at 13. That might be relevant had Howard moved for reconsideration. It did not; Howard seeks interlocutory review, under the familiar standards for obtaining such review.

*Certifying these legal questions for interlocutory appeal would materially advance the case and preserve judicial resources.* Section 1292(b) contemplates that minor delays for appellate review are worthwhile if that review might terminate or distinctly alter a case at an early stage. Certification is warranted if "the questions defendants seek to appeal are questions of law, and appellate resolution of these questions now has '*the potential* of avoiding burdensome [ ] costs and conserving judicial resources in the event of a reversal.'" *In re Rail Freight Fuel Surcharge Antitrust Litig.*, No. CV 11-1049, 2021 WL 2433737, at *10 (D.D.C. June 15, 2021) (quoting *Molock v. Whole Foods Mkt. Grp., Inc.*, 317 F. Supp. 3d 1, 7 (D.D.C. 2018)) (emphasis added).

Howard "need not show that a reversal on appeal would actually end the litigation," but merely that "reversal would hasten or at least simplify the litigation in some material way . . . ." *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 2021 WL 2433737, at *5, 10 (internal quotation marks and citation omitted).

Howard clears this bar, but notes that the potential to preserve judicial and party resources is even greater here because similar issues are already before the D.C. Circuit. The *Shaffer, Crawford*, and *Qureshi* plaintiffs seek appellate review on the pleading standards for similar breach of contract and unjust enrichment claims.[7] Catholic University also seeks 1292(b) certification of the Order and a stay. *See Montesano v. The Catholic Univ. of Am.*, No. 1:20-cv-01496 (D.D.C. July 23, 2021), ECF No. 41. Adjudication of these issues in the other District of Columbia university actions will undeniably relate to and inform, if not outright control, the legal questions on which Howard seeks review.

Plaintiff's argument otherwise turns on a misplaced "prematurity" concern. Here is what plaintiff states:

> Granting Defendant's motion for interlocutory appeal would *delay* "the ultimate termination of the litigation," not "advance" it. Even if the Court granted Defendant's motion, and the D.C. Circuit agreed to take up the appeal, and Defendant ultimately prevailed on its interlocutory appeal through a ruling that Plaintiff's claim is premature while the underlying appeal is pending, such a ruling would simply determine *when* this case could be brought, not *if*. If Plaintiff's claim were found to be premature, Plaintiff would still pursue this action likely years later upon the ultimate resolution of the underlying appeal. Where, as here, a substantial amount of litigation would be necessary regardless of the outcome of the appeal, federal courts in other districts have found that an immediate appeal is not appropriate.

---

[7] *See Shaffer v. George Washington Univ.*, No. 21-7040 (D.C. Cir., May 28, 2021), Doc No. 1900608; *Crawford v. Presidents & Dirs. of Georgetown Coll.*, No. 21-7063 (D.C. Cir., July 12, 2021), Doc. No. 1906037; *Qureshi v. American University*, No. 21-7064 (DC Cir., July 15, 2021), Doc. No. 1906521.

Opp. at 14-15. But Howard does not seek a ruling that plaintiff's claims are premature, and prematurity figures in none of Howard's stated controlling legal issues. If this Court grants its motion and the D.C. Circuit grants the ensuing petition, Howard will seek full merits review of its stated legal questions. Reversal on any single question would result in dismissal of at least one of plaintiff's claims; reversal on multiple questions could compel dismissal of the entire case. *See* Mot. at 14-15. Efficiencies are thus gained, with none lost by permitting review.

*A stay of proceedings is appropriate*. Plaintiff's objection to Howard's request for a stay of proceedings pending interlocutory review and/or resolution of the three tuition refund cases already pending before the D.C. Circuit is half-hearted at best. Plaintiff simply recites the relevant standard and states, in a single sentence, that Howard has not satisfied it. *See* Opp. at 15. Plaintiff does not bother to explain how he would be harmed by a stay or discuss any of the other factors courts typically weigh. Howard therefore stands on the stay argument in its motion.

\* \* \*

For these reasons, Howard respectfully requests that the Court grant its motion and certify its July 9, 2021 order for interlocutory review under 28 U.S.C. § 1292(b) and stay proceedings in this case.

September 3, 2021                                                  Respectfully submitted,

                                                                  By: /s/ Tracy A. Roman
                                                                  Tracy A. Roman
                                                                  Laurel Pyke Malson
                                                                  Scott L. Winkelman
                                                                  Astor H.L. Heaven
                                                                  Crowell & Moring LLP
                                                                  1001 Pennsylvania Avenue, N.W.
                                                                  Washington, DC 20004-2595
                                                                  Telephone: (202) 624-2651
                                                                  Facsimile: (202) 628-5116

troman@crowell.com
lmalson@crowell.com
swinkelman@crowell.com
aheaven@crowell.com

*Attorneys for Defendant Howard University*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2021, a copy of the foregoing Reply in Support of Howard University's Motion for Certification Under 28 U.S.C. § 1292(b) and Stay of Further Proceedings was filed with the United States District Court for the District of Columbia by electronic filing and served on all counsel of record via the Court's electronic filing system.

       /s/ Tracy A. Roman
       Tracy A. Roman