## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIELLA MONTESANO, individually and on behalf of others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> THE CATHOLIC UNIVERSITY OF AMERICA, <br><br> *Defendant.* | No. 20-cv-1496 (DLF) |
| ISAIAH PAYNE, individually and on behalf of all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> HOWARD UNIVERSITY, <br><br> *Defendant.* | No. 20-cv-3792 (DLF) |

## <u>ORDER</u>

Before the Court are two motions to certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and stay the underlying cases pending resolution of that appeal.  *See* Catholic Univ.'s Mot. for Cert. and Stay, Dkt. 41 (No. 20-cv-1496), and Howard Univ.'s Mot. for Cert. and Stay, Dkt. 43 (No. 20-cv-3792).  The defendants in both cases seek to appeal this Court's denial of their motions to dismiss the cases for failure to state a claim on which relief can be granted.  *See Montesano v. Catholic Univ. of Am.*, No. 20-cv-1496, 2021 WL 2894720 (D.D.C. July 9, 2021). For the reasons that follow, the Court will grant both motions.

## I.     CERTIFICATION OF INTERLOCUTORY APPEAL

In general, a party can appeal only a final order.  *See, e.g.*, *Strange ex rel. Strange v. Islamic Republic of Iran*, 964 F.3d 1190, 1192 (D.C. Cir. 2020).  However, there are some exceptions to this general rule.  Under 28 U.S.C. § 1292(b), a district judge may certify to the courts of appeal interlocutory "order[s] not otherwise appealable" if she is "of the opinion that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  Since these appeals "are rarely allowed[,]" the "movant[] . . . bear[s] the burden of showing that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."  *First Am. Corp. v. Al-Nahyan*, 984 F. Supp. 1107, 1116 (D.D.C. 1996) (internal quotation marks and citation omitted).

First, there is a controlling question of law.  This is the kind of question "that would require reversal if decided incorrectly or that could materially affect the course of litigation with resulting savings of the court's or the parties' resources."  *Judicial Watch, Inc. v. Nat'l Energy Policy Development Grp.*, 233 F. Supp. 2d 16, 19 (D.D.C. 2002) (citation omitted).  As the divergent outcomes on motions to dismiss within this district show, *see Crawford v. Presidents & Directors of Georgetown Coll.*, No. 20-cv-1141, 2021 WL 1840410 (D.D.C. May 7, 2021), *appeal filed* No. 21-7063 (D.C. Cir. June 7, 2021) (granting motion to dismiss for failure to state a claim); *Shaffer v. George Washington Univ.*, No. 20-cv-1145, 2021 WL 1124607 (D.D.C. Mar. 24, 2021), *appeal filed* No. 21-7040 (D.C. Cir. Apr. 32, 2021) (same), there is disagreement whether functionally identical factual allegations are sufficient as a matter of D.C. contract law to establish an implied-in-fact contract for in-person university education.  In this Court's view,

the controlling question of law is whether D.C. contract law's implied duty of good faith and fair dealing serves to limit the contractual promise—such that the defendants' reservation of rights prevents the plaintiffs from making the required allegation of breach—or if it is instead an independent duty.  *See Montesano*, 2021 WL 2894720, at *3–4.

Second, there are substantial grounds for disagreement.  In addition to the fact that two other judges in this district have come to different conclusions on this question*, see Crawford*, 2021 WL 1840410; *Shaffer*, 2021 WL 1124607, courts all over this country have come to different conclusions on how to treat COVID-19 breach of contract claims against universities, *compare, e.g.*, *Ninivaggi v. Univ. of Del.*, No. , 2021 WL 3709765, at *5 (D. Del. Aug. 20, 2021) (Bibas, J., sitting by designation) (denying motion to dismiss); *Ford v. Rensselaer Polytech. Inst.*, 507 F. Supp. 3d 406, 418 (N.D.N.Y. 2020); *Doe v. Bradley Univ.*, No. 20-cv-1264, 2020 WL 79634159 (C.D. Ill. Dec. 22, 2020), *with, e.g.*, *Smith v. Univ. of Pa.*, No. 20-cv-2086, 2021 WL 1539493 (E.D. Pa. Apr. 20, 2021) (granting motion to dismiss); *Hassan v. Fordham Univ.*, 515 F. Supp. 3d 77 (S.D.N.Y. 2021), *superseded in part by* 2021 WL 1263136 (S.D.N.Y. Apr. 6, 2021) (same).  The "dearth of precedent within the controlling jurisdiction[,] conflicting decisions in other circuits[,]" *APCC Servs., Inc. v. Sprint Comms. Co., L.P.*, 297 F. Supp. 2d 90, 97–98 (D.D.C. 2003), and conflict between the decision of this Court and courts both in and out of this circuit suffice to show that the defendants have also met their burden on this prong.

Finally, the interlocutory appeal will materially advance disposition of this litigation.  All the movant need show is that "reversal would hasten or at least simplify the litigation in some material way, such as by significantly narrowing the issues, conserving judicial resources, or saving the parties from needless expense."  *Molock v. Whole Foods Market Grp.*, 317 F. Supp. 3d 1, 6 (D.D.C. 2018).  *Crawford* and *Shaffer* are already before the D.C. Circuit on nearly

identical questions of law.  Having this case up on appeal at the same time would conserve judicial resources by allowing the D.C. Circuit to consider them simultaneously.  If the D.C. Circuit affirms those cases, then it is likely that this Court would need to revisit its decision on the defendants' motions to dismiss.  Even if the D.C. Circuit reverses those cases, however, such action would provide meaningful guidance to the parties in these cases in resolving possible motions for judgment on the pleadings after the answers are filed or dictating the scope and nature of discovery.  As such, this Court finds that the defendants have met their burden on this prong as well.

## II.    STAY

This Court has the inherent power to stay proceedings on its own docket.  *E.g.*, *Philipp v. Fed. Republic of Germany*, 253 F. Supp. 3d 84, 89 (D.D.C. 2017).  The Court considers the "economy of time and effort for itself, for counsel, and for litigants."  *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).  If the D.C. Circuit reverses this Court's decision, then substantial resources for filing an answer and conducting discovery will be saved by both parties.  Furthermore, judicial resources in resolving potential discovery disputes will also be saved.  If the D.C. Circuit affirms this Court's decision, then the delay—which likely adversely affects the plaintiffs more than the defendants—can be remedied should the plaintiffs ultimately prevail with prejudgment interest. *See Oldham v. Korean Air Lines Co., Ltd.*, 127 F.3d 43, 54 (D.C. Cir. 1997) (explaining that the purpose of prejudgment interest "is to compensate the plaintiff for any delay in payment resulting from the litigation").

Given, however, that the delay resulting from this stay will be more prejudicial to the plaintiffs than the defendants, the Court will take steps to ensure that discovery is conducted expeditiously, should this Court be affirmed on appeal.

For the reasons stated, it is

**ORDERED** that Catholic University's Motion for Certification and Stay, Dkt. 41 (No. 20-cv-1496), is **GRANTED**.  It is further

**ORDERED** that Howard University's Motion for Certification and Stay, Dkt. 43 (No. 20-cv-3792), is **GRANTED**.  It is further

**ORDERED** that both cases are **STAYED** pending resolution of the appeals.

**SO ORDERED.**

DABNEY L. FRIEDRICH
United States District Judge

September 3, 2021