IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ISAIAH PAYNE, Individually And On Behalf Of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>                    v.<br><br>HOWARD UNIVERSITY,<br><br>                  Defendant. | Case No.: 1:20-cv-03792-DLF<br><br>**JOINT MEET<br>AND CONFER REPORT** |

The parties to the above-captioned matter, through their respective counsel of record, jointly submit this Joint Meet and Confer Report pursuant to Local Rule 16.3(d), Fed. R. Civ. P. 26(f), and the Court's May 25, 2022 Minute Order.

## BACKGROUND

Plaintiff brought a proposed class action against Defendant Howard University ("Howard") following Howard's transition from in-person educational services to remote educational services as a result of the onset of the COVID-19 pandemic. Plaintiff alleges that Howard moved classes to an online format, closed campus buildings, and ordered students to leave campus without providing reimbursement for in-person tuition and mandatory fees. *See* Pl.' First Am. Compl. ¶ 1, Dkt. No. 19 ("FAC").

Plaintiff brought claims for breach of contract, FAC ¶¶ 59–71, and, in the alternative, unjust enrichment, *id.* ¶¶ 72–77, and conversion, *id.* ¶¶ 78-85. Howard filed a Motion to Dismiss (Dkt. No. 36), which the Court granted as to the conversion claim, but denied as to the breach of contract and unjust enrichment claims. Dkt. No. 41.

Thereafter, on Howard's Motion for Certification Under 28 U.S.C. § 1292(b) and Stay of

Further Proceedings (Dkt. No. 43), the Court stayed this case pending the outcome of appeals in other cases involving COVID-19 university closures captioned *Shaffer v. George Washington University*, No. 21-7040 (D.C. Cir.), and *Qureshi v. American University*, No. 21-7064 (D.C. Cir.). Dkt, No. 48 (the "Stay Order"). The Stay Order noted that even a reversal by the D.C. Circuit of the district courts' dismissal rulings in *Shaffer* and *Qureshi* cases "would provide meaningful guidance to the parties in th[is] case[] in resolving possible motions for judgment on the pleadings after the answer is filed or dictating the scope and nature of discovery." *Id.* at 4.

The D.C. Circuit issued its opinion on March 8, 2022, essentially finding that the *Shaffer* plaintiffs had stated claims for breach of an implied contract and unjust enrichment but had not stated claims for breach of an express contract or conversion. *See Shaffer v. George Washington Univ.*, 27 F.4th 754 (D.C. Cir. 2022). This case is now ready to proceed.

Local Rule 16.3(d) Categories of Information:

**1.   Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

Plaintiff's Position

Plaintiff believes the action will be resolved at trial, though there will be a motion to certify the action as a class action, and it is likely there will be motion(s) and cross-motions for summary judgment. Defendant has also expressed that it will file a motion for partial judgment on the pleadings.

In response to Defendant's proposal that discovery should remain stayed pending resolution of its forthcoming motion for partial judgment on the pleadings, it is Plaintiff's position that discovery should move forward. Plaintiff Payne filed his claims over two years ago, on May 27, 2020, and this case has already been stayed pending resolution of certain appeals in similar

cases. It is time to move forward with the discovery process, and Defendant does not cite any reason why discovery cannot move forward while the Court decides its motion for partial judgment on the pleadings.

Defendant's Position

Howard believes this case can be disposed of by a combination of dispositive motions, including the Rule 12(c) motion for partial judgment on the pleadings Howard intends to file by June 21, 2022, and one or more Rule 56 motions for summary judgment Howard anticipates filing at the appropriate time. Howard proposes that discovery be deferred while the Court considers Howard's motion for partial judgment on the pleadings, which will seek dismissal of Plaintiff's breach of contract claim based on discharge – specifically, Howard's affirmative defense that any supposed contractual duty to provide in-person educational services was discharged by the pandemic and Mayor Bowser's emergency declarations and mandatory stay-at-home order. As the D.C. Circuit noted in *Shaffer*, universities "likely have compelling arguments to offer that the pandemic and resulting government shutdown orders discharged their duties to perform the[ ] alleged promises," which district courts "should resolve in the first instance." *Shaffer*, 27 F.4th at 760; *see also id.* at 765 (noting that "the Universities may still have strong arguments that the pandemic and resulting government-issued shutdown orders discharged their duties to perform" that the court should resolve "in the first instance"). If successful, Howard's motion will significantly streamline the issues and claims in this case, as well as the scope and nature of discovery, as this Court contemplated in its Stay Order.

**2.     The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

Plaintiff's Position

Plaintiff proposes July 31, 2022.

Defendant's Position

If Plaintiff amends his complaint, Howard proposes that its responsive pleading to that amended complaint be due 21 days later.

If Howard's responsive pleading is an answer, Howard proposes that it refile its motion for partial judgment on the pleadings (if necessary) within seven days of filing its answer.  If Howard's responsive pleading is a motion to dismiss, Howard proposes that it file its answer within 14 days of the Court's ruling on the motion to dismiss and that it refile its motion for partial judgment on the pleadings (if necessary) within 21 days of the Court's ruling on the motion to dismiss.

**3.     Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

Joint Position

The parties do not consent to assignment of this case to a magistrate judge for all purposes.

**4.     Whether there is a realistic possibility of settling the case.**

Plaintiff's Position

No settlement discussions have occurred to date.  Plaintiff is prepared in good faith to attempt to negotiate a settlement and/or mediate the case before a neutral mediator.

Defendant's Position

Howard believes it is premature to engage in settlement discussions at this time.

**5.     Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

Plaintiff's Position

Following the informal exchange of information related to damages and the amount in controversy, Plaintiff is prepared to participate in a private mediation in the near future or at a later date if Defendant is unwilling to participate in a mediation at this juncture.

Defendant's Position

Howard is open to considering mediation at an appropriate time but believes it is premature at this time.

**6.     Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Plaintiff's Position

The Court largely denied Defendant's motion to dismiss. Dkt. No. 41. Defendant has answered. Dkt. No. 50. Discovery should proceed with a view towards the filing of a motion for class certification, possible motions for summary judgment, and eventual trial.

Defendant's Position

As noted above, Howard believes this case can be disposed of by a combination of Howard's anticipated motion for partial judgment on the pleadings and motion(s) for summary judgment.

Howard intends to file its motion for partial judgment on the pleadings by June 21, 2022, and proposes that Plaintiff's opposition be due on July 19, 2022, with Howard's reply due on August 2, 2022. Howard's counsel will make themselves available for oral argument on this motion if and as the Court deems it warranted, at the Court's convenience.

Howard expects to file one or more motions for summary judgment on any claims that remain after the Court rules on its motion for partial judgment on the pleadings just after or before the close of discovery and will meet and confer with Plaintiff's counsel on a briefing schedule before filing its summary judgment motion(s).

**7.     Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

Joint Position

The parties have agreed to exchange initial disclosures on June 21, 2022.

**8.     The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

Plaintiff's Position

Discovery should proceed immediately on Plaintiff's breach of contract claims and his claims for unjust enrichment. Standard and appropriate confidentiality agreements, document preservation agreements, and ESI protocols should be implemented. There should be standard written discovery such as document demands and interrogatories, to be followed by depositions, all in conformity with the Federal Rules of Civil Procedure.

Plaintiff proposes a fact discovery cut-off of June 2, 2023. In response to Defendant's proposal that discovery should remain stayed pending resolution of its forthcoming motion for partial judgment on the pleadings, it is Plaintiff's position that discovery should move forward. Plaintiff Payne filed his claims over two years ago, on May 27, 2020, and this case has already been stayed pending resolution of certain appeals in similar cases. It is time to move forward with

the discovery process, and Defendant does not cite any reason why discovery cannot move forward while the Court decides its motion for partial judgment on the pleadings.

Defendant's Position

Howard proposes that discovery be temporarily deferred until after the Court rules on Howard's motion for partial judgment on the pleadings, as that ruling will meaningfully shape the contours of discovery. At that time the parties can promptly submit a proposed schedule for completing discovery on any remaining claims and defenses.

**9. Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

Joint Position

The parties anticipate negotiating an ESI protocol to be presented to the Court for approval.

**10. Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

Joint Position

The parties will confer on appropriate language under Federal Rule of Evidence 502 to govern the inadvertent disclosure of privileged or protected information for inclusion in a confidentiality agreement and proposed order, which the parties will present to the Court for consideration.

**11. Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

Plaintiff's Position

Plaintiff does not believe that there should be any modifications to the normal procedures concerning expert reports and discovery. Plaintiff proposes that the parties exchange initial expert report on July 7, 2023, rebuttal expert reports on August 11, 2023, and complete expert discovery by September 8, 2023.

Defendant's Position

Howard proposes that discovery be temporarily deferred until after the Court rules on Howard's motion for partial judgment on the pleadings, as that ruling will meaningfully shape the contours of discovery. At that time the parties can promptly submit a proposal schedule for completing discovery on any remaining claims and defenses.

**12.     In class actions, appropriate procedures for dealing with Rule 23, Fed .R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Plaintiff's Position

Plaintiff proposes that he file his motion for class certification on February 16, 2023. As discussed above, it is Plaintiff's position that discovery should not be stayed or deferred.

Defendant's Position

Howard proposes that discovery, class discovery included, be temporarily deferred until after the Court rules on Howard's motion for partial judgment on the pleadings, as that ruling will meaningfully shape the contours of discovery. At that time the parties can promptly submit a proposed schedule for completing discovery, class discovery included, on any remaining claims and defenses and on matters of class certification.

**13.   Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

Plaintiff's Position

Plaintiff opposes any bifurcation of discovery or any other aspect of this litigation.

Defendant's Position

See responses above.  In *Shaffer*, the D.C. Circuit counseled what amounts to a form of bifurcation, or at least sequencing, upon remand, with the issue of discharge as to the breach of contract claim being resolved "in the first instance." *Shaffer*, 27 F.4th at 760, 765.  Howard proposes that this Court honor this guidance, which, in addition to being the D.C. Circuit's directive, is sensible, efficient, and in keeping with Federal Rules 1 and 26 and the Court's inherent authority to manage its docket.

**14.   The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

Plaintiff's Position

Plaintiff proposes a pretrial conference during the week of January 15, 2024.

Defendant's Position

Howard proposes that the parties meet and confer on a proposed date for a pretrial conference after the Court rules on its motion for partial judgment on the pleadings.

**15.   Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

Joint Position

The parties agree that a trial date should be set at the pretrial conference.

**16.     Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

Joint Position

　　　None at this time.

Plaintiff's Proposed Scheduling Order

It is hereby **ORDERED** that the parties shall adhere to the following deadlines:

- Deadline to Exchange Initial Disclosures: June 21, 2022

- Deadline to Amend the Pleadings: July 31, 2022

- Deadline to Join Additional Parties: July 31, 2022

- Deadline for Plaintiff's Motion for Class Certification (and Class Certification Expert Reports): February 16, 2023

- Deadline for Defendant's Opposition to Class Certification (and Class Certification Opposition Expert Reports) March 16, 2023

- Deadline for Plaintiff's Reply in support of Class Certification (and Class Certification Rebuttal Expert Reports) April 20, 2023

- Fact Discovery Cut-off: June 2, 2023

- Initial Expert Disclosures: July 7, 2023

- Rebuttal Expert Disclosures: August 11, 2023

- Close of Expert Discovery:  September 8, 2023

- Deadline for Dispositive Motions: October 6, 2023

- Deadline for Oppositions to Dispositive Motions: November 9, 2023

- Deadline for Replies in Support of Dispositive Motions: December 8, 2023

- Pretrial Conference: January 15, 2024

Defendant's Position

Howard agrees with the proposed dates for the exchange of initial disclosures and to amend the pleadings and join any additional parties. As to Plaintiff's remaining proposed dates, Howard proposes that the parties meet and confer and promptly present the Court a proposed case scheduling order once the Court rules on Howard's motion for partial judgment on the pleadings, as that ruling will meaningfully shape the remainder of this litigation.

Dated: June 7, 2022

**SILVERMAN THOMPSON SLUTKIN & WHITE, LLC**

By: */s/ William N. Sinclair*
William N. Sinclair (State Bar No. 28833)
201 N. Charles St., Suite 2600
Baltimore, MD 21201
Telephone: (410) 385-2225
Facsimile: (410) 547-2432
Email: bsinclair@silvermanthompson.com

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (*pro hac vice* app. forthcoming)
Neal J. Deckant (*pro hac vice* app. forthcoming)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com
ndeckant@bursor.com

*Attorneys for Plaintiff*

Tracy A. Roman
Laurel Pyke Malson
Scott L. Winkelman
Astor H.L. Heaven, III
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, NW
Washington, DC 20004-2595
Tel: 202-624-2500
Fax: (202) 628-5116

Email: Troman@crowell.com
Email: Lmalson@crowell.com
Email: Swinkelman@crowell.com
Email: Aheaven@crowell.com

***Attorneys for Defendant Howard University***